**SMITH v. PRUDENTIAL INS. CO. OF AMERICA (two cases).**

**Nos. 10234, 10244.**

Circuit Court of Appeals, Eighth Circuit.

June 13, 1935.

John F. Abegglen, and Mabry & Mabry, all of Albia, Iowa, for appellant.

Quintard Joyner, of Omaha, Neb. (Clinton B. Nasby and Stanley Cheff, both of Omaha, Neb., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

PER CURIAM.

The appellant challenges orders of the lower court, (1) sustaining objections of the appellee to the jurisdiction of the court of bankruptcy, under section 75 (s) of the Bankruptcy Act (48 Stat. 1289, 11 USCA § 203 (s), over real estate belonging to the appellant and purchased by appellee at foreclosure sale, and (2) refusing to direct the clerk of the court to file appellant's amended petition pursuant to section 75 (s) without prepayment of costs.

It appears that the appellant was the owner of a farm in Monroe county, Iowa, upon which the appellee held a mortgage. The appellee brought an action in the state court to foreclose. The appellant consented to a decree of foreclosure and the appointment of a receiver on condition that he be released from personal liability and receive the first $100 obtained by appellee from the receiver. On March 5, 1934, the decree was entered whereby the appellee had a judgment in rem for $13,875.97 with interest and costs. A receiver was appointed who paid the appellant the first $100 collected. The real estate was sold to satisfy the judgment and was bid in by the appellee for $13,254.14. The sheriff issued his certificate of sale to appellee. Since the entry of the decree, the receiver has been in possession of the real estate.

After the sale and on August 20, 1934, appellant filed a petition for composition under section 75 of the Bankruptcy Act (47 Stat. 1470, as amended, 11 USCA § 203). The appellee was scheduled as a creditor. In proceedings before the conciliation commissioner, the appellant's proposals for composition were rejected. The appellant then sought to avail himself of the provisions of section 75 (s), 11 USCA § 203 (s). Appraisers were appointed. The appellee objected to the jurisdiction of the court and asked that the proceedings be dismissed as to it and as to the land in question. The commissioner denied its motion. On review, the court below reversed. The appellant applied to the court for an order directing its clerk to file appellant's amended petition without prepayment of costs and to refer the case to the commissioner pursuant to section 75 (s). The court denied this application.

Since this appeal was taken, the Supreme Court of the United States has held

section 75 (s) of the Bankruptcy Act, 11 USCA § 203 (s), unconstitutional. Louisville Joint Stock Land Bank v. Radford, 55 S. Ct. 854, 79 L. Ed. — (opinion filed May 27, 1935). That decision clearly disposes of this case.

The orders appealed from are affirmed.